UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case Number 09-20572-BC
                                                  Honorable Thomas L. Ludington

GARNELL LEE,

      Defendant.
_____/

**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR DISCLOSURE OF**
***BRADY* MATERIALS AND CANCELING HEARING**

      On January 13, 2010, a seven-count indictment [Dkt. # 3] was unsealed against Defendant Garnell Lee, charging him with six counts of distributing cocaine base, 21 U.S.C. § 841(a)(1), and one count of criminal forfeiture, 21 U.S.C. § 853. On April 22, 2010, Defendant filed a motion [Dkt. # 14] for disclosure of *Brady* materials requesting an order directing the government to provide "pretrial disclosure of any evidence that may be favorable to him and material to guilt or punishment." The Government filed a response [Dkt. # 16] on May 4, 2010, asserting that it has abided by *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16, and will continue to do so by providing information as required at the appropriate time. The government emphasizes that "*Brady* does not compel the pretrial disclosure of such evidence." *See United States v. Mullins*, 22 F.3d 1365, 1371–72 (6th Cir. 1994); *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971) (citation omitted).

      A hearing was schedule for June 22, 2010 at 2:00 p.m. The parties' papers adequately summarize the issues before the Court and the hearing will be canceled. *See* E.D. Mich. L.R. 7.1.

"[T]he *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). This obligation "encompasses both exculpatory and impeachment evidence when such evidence is material." *Jells v. Mitchell*, 538 F.3d 478, 501 (6th Cir. 2008) (citing *United States v. Bagley*, 472 U.S. 667, 676 (1985)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281. "It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably. There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

The scheduling order [Dkt. # 13] entered by the Court on February 8, 2010 requires the government to, upon request of defense counsel, "provide defense counsel with the information described in Federal Rule of Criminal Procedure 16(a)(1)," and "permit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 105 (1972)." The order affirms that the government's "duty to disclose is continuing, even though trial." The order further provides that its "purpose . . . is to eliminate unnecessary discovery motions and to expedited the presentation of evidence and the examination of witnesses."

Defendant's motion requests a substantial amount of information, broadly labeled

"exculpatory" and "impeachment" evidence.[1] To the extent that the information requested is within the scope of mandatory disclosures under Rule 16 and *Brady*, it is also within the purview of the Court's scheduling order. Thus, the Government has already been directed to provide that information and is under a continuing obligation to do so. As a result, Defendant's motion is moot.

Accordingly, it is **ORDERED** that Defendant's motion for disclosure of Brady materials [Dkt. # 14] is **DENIED AS MOOT**.

---

[1] Defendant requests:
A. The prior criminal records, adult and juvenile, of all government witnesses;
B. Any prior acts committed by the Government witnesses that are arguably probative of the witnesses' character for dishonesty or truthfulness within the meaning of Fed. R. Evid. 608(b);
C. The names and addresses of witnesses favorable to the defense, as well of any persons arrested in connection with any offense in this Indictment;
D. Any consideration, promise or inducement regardless of value given to any potential witness, by an agent, attorney or employee of the government. This request includes:
   i. any Rule 11 plea agreement(s);
   ii. any promised sentencing departure under U.S.S.G. 5K1.1, 18 U.S.C. 3553(e) and/or Rule 35(b) of Fed. R. Crim. P.; and
   iii. any promises not to prosecute spouses and/or relatives and/or promises not to seize forfeitable property of spouses and/or relatives.
E. Any information or statement regarding pressure of any form placed on potential witnesses to testify unfavorably to Defendant by an agent, attorney, or employer for the Government;
F. Any other materials that may impeach a government witness, including, but not limited to:
   i. any prior inconsistent statement;
   ii. any evidence of bias or defect in capacity to observe or recollect;
   iii. any proof that material facts are otherwise than expected;
   iv. Whether a witness is on parole;
   v. Whether the government has provided any potential witness with:
      a. money or other reward;
      b. living or transportation expenses;
      c. medical treatment;
      d. witness protection programs;
      e. any type of informant status;
      f. help in forfeiture proceedings;
      g. promises as to witness's civil liability;
      h. immunity from prosecution;
   vi. Any criminal exposure under this investigation;
   vii. The criminal exposure of other persons of interest to any Government witnesses; and
   viii. Any threats to forfeit and/or seizure of any property of any government witnesses.
G. Any potential witness's statement and/or documents that do not support, either by omission or direct contradiction, the allegations that Mr. Lee was involved with the offense in the Indictment.

It is further **ORDERED** that the hearing scheduled for June 22, 2010 at 2:00 p.m. is **CANCELED**.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: June 21, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2010.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS